# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>    Plaintiff,<br>vs.<br>WASHINGTON MUTUAL BANK,<br><br>    Defendant. | CASE NO. 09cv2890 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 2) and Motion to Appoint Counsel (Doc. # 3).

## BACKGROUND

On December 23, 2009, Plaintiff Grace R. Sandoval, a nonprisoner proceeding pro se, initiated this action by filing a Complaint. (Doc. # 1). Also on December 23, 2009, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") (Doc. # 2) and a Motion for Appointment of Counsel (Doc. # 3).

## ANALYSIS

**I.   Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28

U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 2009).

In her affidavit accompanying the Motion to Proceed IFP, Plaintiff states the following: she is currently unemployed; she was last employed in August of 2009 earning $86 per shift at Safe Haven Home Care in El Centro, California; she has no income except for unemployment insurance payments of $40 per week; she has a checking account with a balance of $300.00 and no savings account; she owns a 2002 Honda Civic and does not have any other significant assets such as real estate, stocks, bonds, or securities; and she owes $5,000.00 to the "United States Department of Education" and $854.00 to "Mutual Management Services." (Doc. # 2 at 2). The Court has reviewed Plaintiff's affidavit and finds that it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915.

## II.   Initial Screening Pursuant to 28 U.S.C. § 1915(a)

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B).

The standard used to evaluate whether a complaint should be dismissed is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976).  However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

The following is an example of the Complaint's allegations:

> I, Grace L. Sandoval AKA Grace S. Sali, Lupe Graciela Sandoval, have money stolen at ATM bank machine, stolen checks, bank statements, etc. from Washington Mutual Bank by many heroin, cocaine, alcohol, etc. joined by Priscilla Disselkowen Castillo an illegal from La Mesa Prison, Tijuana, Mexico joined with many illegals from Mexicali, Mexico, in stealing money from bank accounts in San Diego County, California. Priscilla D. Castillo forces harmful substances in sharps, needles, etc. including diprivan, propoful, lidocane, etc. to keep Americans hostage to steal everything in the home including food.

(Doc. # 1 at 1).

The Complaint is comprised of fantastic allegations similar to the example quoted above. The Complaint does not allege any legal basis under which Plaintiff is entitled to relief. The allegations in the Complaint are insufficient to put Defendant on notice of the claims against it, as required by Rule 8 of the Federal Rules of Civil Procedure. The Court finds that Plaintiff fails to state a claim on which relief can be granted. The Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

### III. Appointment of Counsel

In light of the Court's sua sponte dismissal of this action, Plaintiff's request for appointment of counsel is denied as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis (Doc. # 2) is **GRANTED**. The Complaint is **DISMISSED** without prejudice, and this case shall be closed. The Motion to Appoint Counsel (Doc. # 3) is **DENIED** as moot.

DATED: January 6, 2010

**WILLIAM Q. HAYES**
United States District Judge